[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a decision with respect to two consolidated cases involving one family. The plaintiff in the instant case is Nicole Quail. She is the oldest of six brothers and sisters borne to Thomas J. Quail III, the defendant in both cases, and his wife, Michelle White Quail, now deceased. The plaintiff in the companion case is Jennifer Quail Mancini. She is the second oldest of those siblings. The defendant, father of both plaintiffs is being sued for visitation of his youngest daughter, the sister of the plaintiffs.
The factual background to this case is essentially undisputed. The defendant, Thomas J. Quail III, and Michelle Quail were married and were the parents of six minor children. Nicole and Heather are the plaintiffs in these two actions. The younger children are Hillary, Brenda, Thomas, and Emily. The youngest child, Emily Nicole Quail was born on October 27, 1995. Unfortunately, her mother, Michelle, died on April 18, 1996. The complaint alleges and the testimony supports a finding that after the CT Page 9787 death of Mrs. Quail, the family shared responsibility for each other. In particular, Nicole who was a college student at the time came home and assumed the role of helping her younger siblings. Jennifer, a high school student at the time also shared in that role. The two plaintiffs, Nicole and Jennifer, allege that they took a substantial part in helping their sister Emily who was quite young at the time of the untimely death of their mother. Their care for Emily included diapering, feeding, bringing to a baby sitter, clothing, and the normal day-to-day care required by a child of that age.
At that same time, Mr. Thomas Quail, the father of all the children, had taken a leave from his employment of some three months. During that leave, he cared for his wife during the latter stages of her illness, as well as the children of their marriage. Nicole stayed home until June 1996. At that time she moved from the family home to New York. She testified that at the time that she left she left on good terms with her father and her other siblings. Since that time, she has not lived at home. She has lived out of state, has continued her college education, and has remained in contact with her family. Jennifer Quail Mancini left home on or about November 1997. Specifically, she left after a family argument on Thanksgiving day. Jennifer presently has two children of her own.
The defendant Thomas Quail is currently engaged to Michelle Campbell. Ms. Campbell provides day to day care for the youngest child, Emily. Her testimony is that she has good relations with Hillary, Brenda, and Thomas as well. In addition, she has three children of her own. Mr. Quail testified that Emily has been living with Ms. Campbell since approximately May or June 1998. Ms. Campbell is her primary caretaker and parent at this time, and she has frequent contact with her other siblings other than these plaintiffs.
Subsequent to moving from home after the death of her mother, Nicole was visiting with Emily on a regular basis. However, at some point in time the visitation was denied her because she ignored instructions as to Emily's care and did not follow the rules for Emily as provided to her.
Both parties have filed substantially identical motions for visitation of their youngest sibling. The applications are considered under Connecticut General Statutes Sec. 46b-59, which provides in part, that "the Superior Court may grant the right of visitation with respect to any minor child or children to any person, upon an application of such person."
In their "addendum to complaint" the petitioners allege that they were the primary care givers of the child, Emily, and that they exercised a CT Page 9788 "parent like relationship" with the child. There is a further allegation that the denial of the contact/visitation requested would result in "real and substantial emotional harm" to the minor child.
This matter is controlled by the Connecticut Supreme Court decision inRoth v. Weston, 259 Conn. 202, 789 A.2d 431 (2002). That case dictates that a petition brought under C.G.S. Sec. 46b-59 should be initially viewed as to threshold jurisdictional issues.
The first is standing. Standing is determined by the nature of the relationship between the petitioning party and the child. It is not dependent upon blood relationship with the child. Specifically, an inquiry is required as to whether their exists an allegation and proof of a "parent like relationship". "Accordingly, any third party . . . seeking visitation must allege and establish a parent-like relationship as a jurisdictional threshold. . . ." Roth v. Weston, 259 Conn. 202, 222. The second jurisdictional test is an examination of "what interest would be sufficiently compelling to warrant state intrusion into a parent's decision to limit or deny visitation to a third-party". Roth v. Weston, supra at 222.
In answering this question, the court indicates that the court's role is not to substitute its judgment for that of the parent. There is, as stated in Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054,147 L.Ed.2d 49
(2000), a protected fundamental right of parenting. As such, the Connecticut Supreme Court notes that "the due process clause leaves little room for states to override a parent's decision even when that parent's decision is arbitrary and neither serves nor is motivated by the best interest of the child". Roth v. Weston, supra at 223. In contrast, the court acknowledges that there is an interest in protecting the welfare of children and that interest is well recognized in the law.
As a result, the court has concluded that "an allegation, along with proof thereof, that the parent's decision regarding visitation will cause the child to suffer real and substantial emotional harm . . . presents a compelling state interest that will permit interference with parental rights, provided the petitioner has established a parent-like relationship with the child." Roth v. Weston, supra at 226.
Finally, the court has established that those factors are required proved by clear and convincing evidence.
At the root of both Roth and Troxel is recognition of the "fundamental right of parents to raise their children as they see fit". Troxel v.Granville, 530 U.S. 65, and the presumption that "fit parents act in the best interest of their children' Id., 68. CT Page 9789
In applying those standards to the case at hand, the court reaches the following conclusions:
The petitioners did have a relationship approaching a parent to child relationship with their sister, Emily. However, that relationship lasted a relatively brief period, and the intensity and nature of that relationship ended some time ago. As previously stated, Nicole Quail moved out of the family home on or about June 1996. Jennifer Quail lived at the family home but left in November of 1997. The relationship as a parent-child, even assuming proof of its existence originally, has not endured and has not been present for quite some time. At the present, the primary parental figure in this child's life is Michelle Campbell. That evidence is uncontroverted. Mr. Quail, who is the child's sole legal parent, is not only aware of that, but fully supportive of it. Accordingly, the court concludes that the plaintiffs lack standing to bring this action.
In addition, an exam of the second jurisdictional requirement reveals that the evidence does not show by clear and convincing evidence that this parent's decision regarding visitation is causing, or would cause, the child to suffer real and substantial emotional harm. Indeed, there is no evidence to show that the child has suffered any emotional harm. There is no allegation or proof of any deterioration in her behavior, her emotional well-being, or her performance in school. There is no evidence from which the court could infer or find an injury of the nature discussed above to the child.
In light of the foregoing, each of the above-captioned petitions for visitation of the minor child, Emily N. Quail, are dismissed for want of jurisdiction.
Robaina, J.